IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL C.E.,<br><br>                Petitioner,<br><br>        vs.<br><br>RON MURRAY, WARDEN OF THE<br>MESA VERDE ICE PROCESSING CENTER,<br>*et al.*,<br><br>                Respondents. | Civil No. 1:26-cv-04052-MWJS<br><br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS<br><br>A# 246-080-416 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Raul C.E.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and a motion for a preliminary injunction, Dkt. No. 4.

Seeking refuge from his home country, where he suffered abuse during mandatory military service, he came to the United States on November 6, 2022.  Dkt. No. 1, at pg. 3.  Upon entry, he was paroled and released on his own recognizance.  *Id*. at pgs. 3-4.  Following his parole, he remained under supervised release, and he abided by all requirements of his supervision, regularly checking in by telephone.  *Id*. at pg. 4.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

On March 27, 2025, Petitioner was issued a Notice to Appear charging him as removable.  He is eligible for asylum or permanent residence on the basis of his home country and his experiences during military service.  *Id*.

On March 6, 2026, Petitioner was arrested in Florida on two minor misdemeanor charges arising from an incident in which he was at a park with a juvenile companion and a small book was lit on fire.  *Id*. at pgs. 4-5.  The arresting officer reflected that Petitioner initially claimed responsibility to protect his companion, and then he recanted, and both admitted.  *Id*. at pg. 5.  The state court set a low bond of $1,150 for his release, but Petitioner was not released due to an ICE hold.  He has been in ICE custody since that date.  *Id*. at pg. 4.  Beyond this incident, Petitioner has no other criminal history.

Petitioner now invokes this court's habeas jurisdiction.  In his first and second claims for relief, he contends that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights.  *Id*. at pgs. 13-15.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g.*, *J.E.R.M. v. Chestnut*, No. 1:26-CV-03049-MWJS, 2026 WL 1235223 (E.D. Cal. May 5, 2026); *A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Abdoulaye D. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-03015-MWJS,  2026 WL 1103597 (E.D. Cal. Apr. 23, 2026); *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026);

2

*Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11,

2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *see*

*also Robles-Rodriguez v. Lyons*, No. 1:25-cv-02001, 2026 WL 303482 (E.D. Cal. Feb. 4, 2026).

The court has considered these precedents and concluded that they reached the correct

result based on the current state of Supreme Court and circuit precedent.  To resolve

this case, therefore, the court need only determine whether there is any factual or legal

basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify

"factual or legal issues in this case that render it distinguishable from prior orders such

as the ones listed above."  Dkt. No. 5.  The court appreciates Respondents' timely and

candid opposition.  Dkt. No. 6.  Although Respondents maintain that Petitioner's

detention is lawful, they agree that the factual and legal issues in this case are not

substantively distinguishable from those in the precedents cited above.  *Id*.

Given the lack of any factual or legal issues in this case that would distinguish it

from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED

that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED for the reasons

stated in those prior orders.  Given the foregoing, Petitioner's Motion for a Preliminary

Injunction, Dkt. No. 4, is DENIED AS MOOT.

Respondents are ORDERED to immediately release Petitioner Raul C.E. (A# 246-

080-416) from their custody.  Respondents shall not impose any additional restrictions

3

on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 2, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-04052-MWJS, *Raul C.E. v. Murray et al*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS