IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL C.E.,<br><br>Petitioner,<br><br>vs.<br><br>RON MURRAY, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-04052-MWJS<br><br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES AND EXPENSES, AND DENYING RESPONDENTS' REQUEST TO HOLD PETITIONER'S MOTION IN ABEYANCE<br><br>A# 246-080-416 |

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES AND EXPENSES, AND DENYING RESPONDENTS' REQUEST TO HOLD PETITIONER'S MOTION IN ABEYANCE**

Petitioner is a former federal detainee proceeding by counsel. He initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on May 27, 2026. Dkt. No. 1. The court entered judgment in Petitioner's favor and ordered his immediate release. *See Raul C.E. v. Murray*, No. 1:26-cv-04052-MWJS, 2026 WL 1578958 (E.D. Cal. June 2, 2026); *see also* Dkt. Nos. 7, 8. Respondents timely complied with the court's order and released Petitioner on June 3, 2026. Dkt. No. 9.

Petitioner now moves for attorneys' fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Dkt. No. 10. Respondents filed an opposition asking the court to "hold the EAJA motion in abeyance pending the Supreme Court's resolution of *Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29,

2026 (granting cert. to 2026 WL 1154321 (4th Cir. Mar. 24, 2026)), which will address the question whether 'under [the] EAJA, 'any civil action' encompasses an action seeking a writ of habeas corpus to challenge civil immigration detention.'" Dkt. No. 13, at pg. 1. On the merits, Respondents argue that habeas proceedings are not "civil actions" under the EAJA, and that their position in this case was substantially justified. *Id.* Petitioner replied to the opposition and opposed the request to hold his motion in abeyance. Dkt. No. 17.

"The EAJA provides for an award of attorney's fees and costs to private litigants who prevail 'in any civil action (other than cases sounding in tort)' against the United States and timely file a petition for fees." *E.-M. v. Chestnut*, No. 1:25-cv-02054, 2026 WL 2640899, at *1 (E.D. Cal. Sept. 8, 2026) (citing 28 U.S.C. § 2412(d)(1)(A)). A court must award attorneys' fees to the prevailing party under the EAJA "unless it finds the government's position was 'substantially justified or that special circumstances make such an award unjust.'" *Id.*

There is no dispute that Petitioner is a prevailing party in this action and that he timely filed his motion for attorneys' fees. *See generally* Dkt. No. 13. Respondents nonetheless offer three reasons why the court should not grant Petitioner's motion: because (1) it should hold this case in abeyance pending the outcome of the Supreme Court's decision in *Montoya Palacios*, (2) habeas proceedings are not "civil actions" for

purposes of the EAJA, and (3) their position was "substantially justified." *See id.* at pgs. 2–5.

Many district judges, both in this district and others, have declined to hold EAJA attorneys' fees motions in abeyance pending the outcome of *Montoya Palacios*, while also holding that habeas petitions are civil actions for EAJA purposes. *See Guzman Ruiz v. Chestnut*, No. 1:26-cv-00509, 2026 WL 1983404, at *1–2 (E.D. Cal. July 9, 2026); *Veronica V.O. v. Noem*, No. 1:25-cv-1796, 2026 WL 2169089, at *1–2 (E.D. Cal. July 28, 2026); *E.A.P.C. v. Wofford*, No. 1:25-cv-01546, 2026 WL 1983910, at *1–2 (E.D. Cal. July 9, 2026); *see also Jaraba Oliveros v. Kaiser*, No. 25-cv-07117, 2026 WL 2323824, at *2–3 (N.D. Cal. Aug. 11, 2026); *Ortiz Landazuri v. Mullin*, No. 26-cv-01419, 2026 WL 2326095, at *2 (C.D. Cal. Aug. 11, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

Holding Petitioner's motion in abeyance, as Respondents request, would not be appropriate under the circumstances. Although a district court possesses "discretionary power to stay proceedings pending the outcome of a controlling legal issue in a different case before the Supreme Court," *V.O.*, 2026 WL 2169089, at *1 (citing *Landis v. N. Am. Co.*, 299 U.S. 248 (1936)), the court must decide whether to exercise its discretion by weighing "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go

forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (cleaned up). In the orders cited above, and in many other similar cases in this district, courts weighing these factors have declined to enter stays pending the outcome of the Supreme Court's decision in *Montoya Palacios*. *See V.O.*, 2026 WL 2568900, at *1-2; *Jaraba Oliveros*, 2026 WL 2323824, at *2-3; *Ortiz Landazuri*, 2026 WL 2326095, at *2; *see also J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2026 WL 2568705, at *2-3 (E.D. Cal. Aug. 31, 2026); *Marianela Leon E. v. Wofford*, No. 1:25-cv-01101, 2026 WL 2640896, at *1-2 (E.D. Cal. Sept. 8, 2026); *E.-M.*, 2026 WL 2640899, at *1-2. The court agrees with the analysis and outcomes in those cases. Respondents' request to hold Petitioner's fees the motion in abeyance is therefore DENIED.

The court turns next to the merits of Petitioner's motion for attorneys' fees. Although Respondents maintain that habeas proceedings are not "civil actions" for EAJA purposes, none of their arguments persuade the court that the numerous cases cited above and others like them were wrongly decided. Indeed, "[t]he Ninth Circuit has applied the EAJA to immigration habeas proceedings." *Ortiz Landazuri*, 2026 WL 2326095, at *1 (citing *In re Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985)); *see also Guzman Ruiz*, 2026 WL 1983404, at *1-2 (concluding that "[i]n light of the Supreme Court's characterization in *Schlanger* [*v. Seamans*, 401 U.S. 487 (1971)] that habeas corpus

proceedings are 'technically civil' actions, coupled with EAJA's applicability to 'any' civil action except . . . cases sounding in tort . . . the Court agrees that the better interpretation of the term 'any civil action' in the EAJA is that it unambiguously includes habeas proceedings challenging immigration detention"). Thus, the court again concludes that habeas proceedings are "civil actions" under the EAJA. *See A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163, 2026 WL 2766925, *3 (E.D. Cal. Sept. 17, 2026).

Respondents next argue that Petitioner's fees motion should be denied because their position was substantially justified. Respondents bear the burden of showing that their position was substantially justified. *Benally v. United States Off. of Navajo & Hopi Indian Relocation*, 154 F.4th 630, 638 (9th Cir. 2025). "Substantial justification means justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Id.* (cleaned up). "Thus, the government's position must have a reasonable basis both in law and fact." *Id.* (cleaned up).

Respondents argue that they "relied on a credible interpretation of 8 U.S.C. § 1225" in arresting and detaining Petitioner. Dkt. No. 13, at pg. 4. The court has already agreed with the numerous courts in this district rejecting the exact arguments for substantial justification that Respondents press in their opposition. *See A.J.S.M.P.*, 2026 WL 2766925, at *3 (E.D. Cal. Sept. 17, 2026). The court does so again here. Because Respondents have failed to demonstrate that their position was substantially justified or

that special circumstances would make a fee award unjust, Petitioner is entitled to an award of attorneys' fees under the EAJA so long as the fees are reasonable.

To determine whether attorneys' fees are "reasonable" under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Next, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id.*

Regarding a reasonably hourly rate, "[t]he Ninth Circuit maintains a list of statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living." *Hervin Ivan A.-G. v. Chestnut*, No. 1:26-cv-03060, 2026 WL 2641806, at *5 (E.D. Cal. Sept. 8, 2026), *report and recommendation adopted*, No. 1:26-CV-03060 JLT EGC (HC), 2026 WL 2690702 (E.D. Cal. Sept. 11, 2026). "This maximum rate—presently $258.46—controls unless the district court finds that a special factor warrants a higher rate, such as where the quality of representation resulted in a degree of success beyond what would be reasonably expected at that rate." *Id.* (cleaned up). Here, Petitioner's counsel seeks only the statutory rate, which the court finds reasonable. *Accord id.*

According to billing records submitted in support of the motion, Petitioner's counsel spent approximately 10.5 hours on tasks associated with litigating the merits of

the case and another 3.4 hours on the motion for attorneys' fees. *See* Dkt. No. 10-3, at pgs. 2–4; Dkt. No. 20-4, at pg. 2. Respondents do not dispute the reasonableness of these totals. Based on the undersigned's experience presiding over a significant number of immigration-related habeas corpus cases, coupled with the hours found reasonable by other courts in similar actions, the court finds that counsel's expenditure in this action of 13.9 hours is reasonable. *See A.J.S.M.P.*, 2026 WL 2766925, *3 (concluding that approximately 35.4 hours spent by three attorneys on immigration habeas case was reasonable); *see also A.-G.*, 2026 WL 2641806, at *6 (collecting cases); *Marienela Leon E.*, 2026 WL 2640896, at *5 (citing cases). Additionally, counsel for Petitioner seeks to recover the $5.00 filing fee, which Respondents do not dispute.

In sum, the court finds as follows:

(1) Total attorney hours deemed reasonable: 13.9 hours * $258.46/hour = $3,592.59;

(2) Filing fee = $5.00;

(3) Total fees and expenses deemed reasonable: $3,597.59.

In light of the foregoing, and having found the requested amount reasonable, the court GRANTS Petitioner's motion for attorney fees and expenses.

**<u>CONCLUSION</u>**

For the foregoing reasons, the court DENIES Respondents' request to hold Petitioner's motion in abeyance, Dkt. No. 13, and GRANTS Petitioner's motion for

attorney fees and expenses under the Equal Access to Justice Act, Dkt. No. 10. Respondents are ORDERED to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $3,597.59. This award shall be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorneys' fees and expenses to be made directly to Petitioner's counsel.

IT IS SO ORDERED.

DATED: September 18, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge